**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| **OLHAUSEN BILLIARD** | | |
| **MANUFACTURING, INC.** | * | |
| **Plaintiff,** | * | |
| **v.** | | **Case No.: GJH-14-03085** |
| | * | |
| **AVERITT EXPRESS, INC.** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On or about August 11, 2014, Plaintiff Olhausen Billiard Manufacturing, Inc. ("Plaintiff") filed a Complaint against Averitt Express, Inc. ("Defendant") in the District Court for Montgomery County. *See* ECF No. 2. Defendant removed the case to this Court on September 30, 2014. *See* ECF No. 1. On October 7, 2014, Defendant filed a Motion for a More Definite Statement. See ECF No. 10. Because the Court finds the Complaint to be vague and ambiguous, at best, Defendant's Motion for a More Definite Statement is GRANTED.

The standard for requiring a more definite statement is set forth in Fed.R.Civ.P. 12(e), which states that a more definite statement is justified where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Rule 12(e) is to be read in conjunction with Federal Rule of Civil Procedure 8, which requires that an affirmative pleading consist of a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. Upon review of the Complaint, it is clear that Plaintiff has failed to comply with these rules.

The Complaint, which purports to state contract and tort claims against the Defendant, arises out of the Defendant's alleged mishandling of goods shipped by Plaintiff and handled by Defendant. *See* ECF No. 2. Aside from that fact, however, additional factual allegations are sparse. Indeed, the only substantive allegations in the Complaint provide that:

> Plaintiff hired Defendant to perform shipping and delivery services and during performance of said services the Defendant recklessly and carelessly destroyed the property of the Plaintiff and despite repeated demands the Defendant has failed to compensate Plaintiff. Additionally when Plaintiff contested the freight bill, Defendant did file a frivolous case against Plaintiff causing Plaintiff to incur unnecessary fees and expenses

ECF No. 2. These allegations, however, are vague and ambiguous insofar as they fail to specify, among other things: (1) when the alleged transport occurred; (2) where the alleged transport originated and/or terminated; (3) the nature and/or value of the goods shipped; (4) the nature and/or extent of the damage to the goods; and (5) any of the terms of the contract allegedly breached. Accordingly, the Court finds that the allegations in Plaintiff's Complaint are so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. *See* Fed.R.Civ.P. 12(e).

Rather than request leave to file an amended complaint, Plaintiff opposes Defendant's Motion for a More Definite Statement by claiming that the federal pleading standard does not apply to Plaintiff's Complaint because it was originally filed in Maryland state court and was subsequently removed to Maryland federal district court. *See* ECF No. 13. Plaintiff is incorrect. Removal of an action from state to federal court does not somehow absolve a plaintiff of its responsibility under the Federal Rules of Civil Procedure to satisfy the familiar federal pleading requirements refined by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Fed.R.Civ.P. 81(c) (the Federal Rules of Civil

Procedure "apply to a civil action after it is removed from a state court"); *see also Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 775, 781 (4th Cir. 2013) (applying Fed.R.Civ.P. 9(b)'s heightened pleading standards to fraud claim, and MCPA claims that sounded in fraud, after removal); *Rankin v. Mattamy Homes Corp.*, No. 10-117, 2010 WL 3394036, at *3 (M.D. N.C. Aug. 26, 2010) ("Plaintiff also argues that because she first brought this case in state court, and it was removed to federal court, she should somehow be excused from federal pleading standards. I do not agree. Plaintiff is not absolved of the pleading requirements under the federal rules and *Twombly* and *Iqbal* simply because the action was first filed in state court."); *Shaffer v. City of S. Charleston*, No. 13-12450, 2014 WL 1159572, at *3 (S.D. W. Va. Mar. 21, 2014) ("A district court applies the federal pleading standard to all removed claims, including claims brought under state law.").

Because the Court concludes that Plaintiff's Complaint does not satisfy the federal pleading standard and is so vague and ambiguous that Defendant cannot reasonably prepare a response to it, the Court will grant Defendant's Motion for a More Definite Statement. Pursuant to Rule 12(e), Plaintiff will be provided an opportunity to cure the defects in the Complaint. *See* Fed.R.Civ.P. 12(e). Plaintiff is cautioned, however, that this Court has the authority to strike the Complaint if the Court's order to provide a more definite statement is not obeyed. *Id*. Further, should Plaintiff fail to cure the defects in their Complaint, it may be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which allows the Court to dismiss a complaint that does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. 662 (quoting *Twombly*, 550 U.S. at 570).

Dated: <u>October 16, 2014</u>                                    <u>        /S/                      </u>

George Jarrod Hazel
United States District Judge