IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| OLHAUSEN BILLIARD MANUFACTURING, INC. | * |
| Plaintiff, | * |
| v. | Case No.: GJH-14-03085 |
| AVERITT EXPRESS, INC. | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On or about August 11, 2014, Plaintiff Olhausen Billiard Manufacturing, Inc. ("Plaintiff") filed a complaint against Averitt Express, Inc. ("Defendant") in the District Court for Montgomery County. *See* ECF No. 2. Defendant removed the case to this Court on September 30, 2014. *See* ECF No. 1. After granting Defendant's Motion for a More Definite Statement (*see* ECF No. 15), Plaintiff filed an amended complaint (*see* ECF No. 20). Upon review of the amended complaint, it is clear that the Court does not have subject matter jurisdiction over this matter. The Court therefore REMANDS this case, *sua sponte*, to the District Court for Montgomery County for further proceedings.

"Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is no presumption that a federal court has jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . ." 28 U.S.C. §

1447(c). Such a remand order may be issued *sua sponte*. *See Crawford v. Mokhtari*, 842 F. Supp. 840, 843 (D. Md.) *aff'd*, 30 F.3d 129 (4th Cir. 1994) ("The Court, moreover, has an obligation to act *sua sponte* with regard to the propriety of such jurisdiction."); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) ("a remand order based on a lack of subject matter jurisdiction, whether *sua sponte* or not, falls within the scope of § 1447(c) and therefore is not reviewable by a court of appeals"). Here, the Court has determined that it does not have subject matter jurisdiction over this action. The case must therefore be remanded to the District Court for Montgomery County

Defendant removed this case under 28 U.S.C § 1445 (b) claiming that this Court has jurisdiction under 28 U.S.C §1337 (a). Neither of these statutes is applicable. First, the Court does not have jurisdiction under §1337 (a), which provides, in relevant part, that the "district courts [] have original jurisdiction of any civil action or proceeding arising under *any Act of Congress* regulating commerce or protecting trade and commerce against restraints and monopolies . . . ." 28 U.S.C §1337 (a) (emphasis added). Here, Plaintiff's amended complaint does not involve claims "arising under any Act of Congress." Instead, Plaintiff's amended complaint involves claims for breach of contract and negligence, which do not trigger jurisdiction under § 1337(a).

Additionally, removal under 28 U.S.C § 1445 (b) was improper. Section 1445 (b) provides that a "civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of title 49, may not be removed to any district court of the United States *unless the matter in controversy exceeds $10,000, exclusive of interest and costs*." 28 U.S.C § 1445 (b) (emphasis added). Even if this case arose under 49 U.S.C. §§ 11706 or 14706 (and it does not), the amount

in controversy – $7,276.23 (*see* ECF No. 20 at 2) – does not exceed $10,000, making this case non-removable under § 1445 (b). Removal of this case was therefore improper. As such, the Court orders that this case be remanded to the District Court for Montgomery County for want of subject matter jurisdiction.[1]

Dated: November 7, 2014                                              /S/
                                                                George Jarrod Hazel
                                                                United States District Judge

---

[1] The Court also notes that neither diversity jurisdiction nor federal question jurisdiction are present here. As mentioned, this case involves claims for breach of contract and negligence, and therefore does not implicate federal question jurisdiction. *See* 28 U.S.C. § 1331. Additionally, as noted, the amount in controversy in this case is $7,276.23 (*see* ECF No. 20 at 2), far below the $75,000 threshold necessary to invoke diversity jurisdiction under 28 U.S.C. § 1332.